EPHRAIM FULLER *vs.* OREN HOVEY & another.

</div>

A delay of more than three years to pay instalments of an agreed price for land, after the same became due according to the terms of an agreement in writing for the conveyance of the same, and after a refusal by the owner of the land to give any further time for making the payments, is such laches as will forfeit all claim to the performance of the contract; and a bill in equity cannot be sustained by a creditor of the person to whom the agreement was given, to compel a sale of the land, and the application of the proceeds to the payment of his debt.

BILL IN EQUITY, alleging that the plaintiff has recovered judgment and execution against Albertus B. Langdon, one of the defendants, and that Langdon has no property which can be taken on execution, but is interested in certain land which he formerly owned and conveyed in mortgage to Luther Stebbins; that Stebbins entered upon the land to foreclose the mortgage, and just before the expiration of three years, at the request of Langdon, assigned the mortgage to Jesse Miller, who paid therefor the amount then due upon the note secured by it, and at the same time agreed with Langdon to convey the land to him upon payment of the sum paid by him to Stebbins, and interest thereon; that afterwards, and after the expiration of the three years, Miller, at the request of Langdon, conveyed the land in fee to Oren Hovey, the other defendant, who paid to Miller therefor the same amount paid by the latter, with interest, and at the same time gave to Langdon an agreement in writing, binding himself to convey to him the land upon payment of the sum paid by him to Miller, and interest thereon; and that Langdon's interest in the land is valuable.

The answers of the defendants admitted the several convey-ances and agreements, and set forth a copy of the agreement in writing by Hovey, by which the latter agreed to convey the land in question to Langdon upon payment by him of four hundred dollars in four equal yearly instalments, with interest; and alleged that, after making certain payments under the same, being unable to pay the residue, Langdon requested further time, which Hovey refused to give, and that since then, and for more than three years, no further payments have been made, and neither Langdon nor Hovey believes that Langdon now retains any interest in the land.

The case was heard originally in this court on the bill and answer, before *Merrick*, J., and the bill was dismissed; and the plaintiff appealed.

*C. A. Winchester*, for the plaintiff, cited 1 Story on Eq. §§ 775, 776; 2 Ib. §§ 1313, *& seq.; Jones* v. *Robbins*, 29 Maine, 353; *Luey* v. *Bundy*, 9 N. H. 298.

*E. D. Beach*, for the defendants, cited *Flagg* v. *Mann*, 14 Pick. 479; *Clark* v. *Wells*, 5 Gray, 69.

BIGELOW, C. J.    Taking the statements contained in the answers to be true, as we are bound to do in a hearing on bill and answers, without proof, it is clear that Langdon, the debtor of the plaintiff, has no equitable right or interest in the property described in the bill, which can be reached or appropriated in payment of the plaintiff's claim.    The right of Langdon to a conveyance of the land under the bond given by Hovey has been lost by the failure of Langdon to comply with its stipulations, and by his acquiescence in the refusal of the former to give him further time to make the payments, according to the terms of the agreement.    After so long a neglect to perform the contract, accompanied by notice that a failure to make the payments would be insisted on as a termination of the right of Langdon to ask for a conveyance, it is clear that equity will not compel a performance of the contract in behalf of Langdon.    His laches have defeated all right to claim the fulfilment of the contract on the part of Hovey.    Although time was not of the essence of the contract originally, it became so by the notice given to

Langdon by Hovey, that he should insist on the punctual performance of the stipulations. After such notice, it was incumbent on Langdon to fulfil the bargain on his part within a reasonable time, and by omitting to do so he lost all right to claim its subsequent performance by Hovey. 1 Story on Eq. § 776. *Parkin* v. *Thorold*, 16 Beav. 59. Besides; in the present case, it appears by the answers that the contract for the conveyance of the estate to Langdon was abandoned by mutual consent of the parties. It is clear, therefore, that there was no interest of an equitable nature in Langdon, which the plaintiff can reach in this process for the satisfaction of his debt.

The suggestion made by the counsel for the plaintiff in his argument, that the arrangement between the defendants was fraudulent and collusive, and so void as against creditors, is one of which we cannot take notice, because no allegation is made in the bill on which any prayer for relief on such ground can be founded. *Bill dismissed.*